UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X
ANA BRYSON,                           :
                                      :
                       Plaintiff,     :  Case No.:
                                      :
        - against -                   :
                                      :
UBER TECHNOLOGIES, INC., UBER USA, LLC, and  :
RASIER-NY, LLC                        :
                       Defendants.    :
                                      :
------------------------------------- X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule of Civil Procedure 81.1, Defendants Uber Technologies Inc., Uber USA, LLC, and Rasier-NY, LLC (hereinafter the "Uber Defendants") hereby give notice of the removal of this action, which is currently pending in the Supreme Court of New York, Kings County, captioned *Ana Bryson v. Uber Technologies, et al.*, Index No. 534808/2022, to the United States District Court for the Eastern District of New York. As grounds for removal, Uber states as follows:

1. The Uber Defendants remove this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the properly joined parties to this litigation and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts have shall original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.")

## BACKGROUND

2. Plaintiff alleges in the Complaint that she was injured in an automobile-pedestrian collision on February 21, 2020, naming the Uber Defendants as defendants.

3. Plaintiff claims that as a result of the collision she sustained serious injuries as defined in section 5102(d) of New York's Insurance Law.

## TIMELINESS OF REMOVAL

4. The Uber Defendants received service of the Complaint on or about December 20, 2022.

5. This Notice of Removal is timely filed within 30 days from the date that the removing Defendants received service of the Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

6. Complete diversity of citizenship exists in this matter because the properly joined Uber Defendants are citizens of a different state than Plaintiff. *See* 28 U.S.C. § 1332(a).

7. Plaintiff alleges that she is an individual residing in Kings County, New York. Plaintiff is therefore a citizen of New York for diversity purposes.

8. At the time of the filing of the Complaint, Uber Technologies, Inc. was, and still is, a corporation formed under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, CA 94158. Uber Technologies, Inc. is therefore not a citizen of New York for diversity purposes.

9. At the time of the filing of the Complaint, Uber USA, LLC was, and still is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, CA 94158. Uber USA, LLC is therefore not a citizen of New York for diversity purposes.

10. At the time of the filing of the Complaint, Raiser-NY, LLC, was, and still is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, CA 94158. Raiser-NY, LLC is therefore not a citizen of New York for diversity purposes.

## AMOUNT IN CONTROVERSY

11. Based on Plaintiff's allegations, the amount in controversy exceeds the jurisdictional minimum of $75,000.00 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

12. According to Plaintiff's Complaint, Plaintiff sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Section 5104 of New York Insurance Law. *See* **Exhibit A (Plaintiff's Complaint,** *I*ndex No. 534808/2022), ¶ 85.

13. Plaintiff also claims that the "damages sustained by the plaintiff…exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction." *See* **Exhibit A**, ¶ 86.

14. Plaintiff's Prayer for Relief demands judgment against the Uber Defendants in "an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction" over the action. *See* **Exhibit A**, **page 13, Plaintiff's Prayer for Relief.**

15. The "lower court" referred to in Plaintiff's Complaint is the Kings County Civil Court and is authorized to decide civil cases in which money only in the amount of $ 25,000 or less is at stake. Thus, Plaintiff's Complaint filed in Supreme Court seeks damages in excess of $25,000.00 plus costs, interests and fees.

16. Moreover, where the amount in controversy is not apparent from the pleadings, the Defendants may attach documents outside the pleadings, including "information relating to the

amount in controversy in the record of the State proceeding, or in response to discovery" to their removal notice.  *See* 28 U.S.C. ¶ 1446(c)(3)(A).

17. Plaintiff served a Bill of Particulars in a related action she filed in the Supreme Court of the State of New York, Kings County, *Ana Bryson v. Joseph L. Phang*, Index No. 506278/2020 ("*Phang*"), which arises out of the same February 21, 2020 accident at issue in her action against the Uber Defendants. *See* **Exhibit B (Plaintiff's Summons & Complaint from** ***Phang*****);** *see also* **Exhibit C (Plaintiff's Bill of Particulars from** ***Phang*****).**

18. In Plaintiff's Verified Bill of Particulars in *Phang*, she alleges in relevant part that:

> …
>
> [she] was seriously injured and severely injured, bruised, wounded, was rendered sick, sore, lame and disabled, and so remains; was caused to suffer injury and damage and sustain the following complications and sequelea which was caused, precipitated, contributed to and/or aggravated by the defendants negligence:
>
> Right Ankle and Right Leg:
>
> DISPLACED FRACTURE OF THE MEDIAL MALLEOLUS OF THE
> - DISTAL TIBIA;
> - SWELLING;
>
> Requiring the plaintiff to undergo an OPEN REDUCTION INTERNAL FIXATION (ORIF) surgery for the FRACTURE of the MEDIAL MALLEOLUS with application of a posterior splint performed by Roger Antoine, M.D. at Wyckoff Heights Medical Center on March 9, 2020;
>
> Resulting in an acute DEEP VEIN THROMBOSIS and PULMONARY EMBOLISM of the right femoral vein;
>
> Requiring that plaintiff undergo Endovenous laser treatment (EVLT) on November 9 2020 and December 12, 2020;
>
> Permanent scars on the right ankle from surgery;
>
> Permanent disfigurement and deformity of the right ankle;

4

> Permanent disability of the right ankle;
>
> Need for future surgery, medical care and physical therapy of the right ankle and leg;
>
> As a result of the above injuries, plaintiff suffers severe pain and tenderness of the right ankle and leg with instability, weakness, diminished strength, limitation of motion, restriction of use, impairment of function, difficulty in ambulation, inability to bear full weight on leg, inability to stand or walk for extended periods of time, pain radiating throughout the lower extremity, all with the involvement of the surrounding tissues, nerve endings, blood vessels, tendons and ligaments and all with resulting pain, deformity and disability.
>
> <u>Left Ankle</u>
>
> - SPRAIN/STRAIN;
> - PAIN and SWELLING;
>
> …

*See* **Exhibit C.**

19. Additionally, Plaintiff's alleges in her Bill of Particulars in *Phang* that she sustained economic loss in excess of Fifty Thousand Dollars ($50,000), and that as of February 3, 2021, her special damages were Sixty Thousand Dollars ($60,000). *See* **Exhibit C.** Plaintiff is also making a claim for lost wages in *Phang* as she claims she has been incapacitated from her employment since February 21, 2020.

20. Thus, it is apparent from the Complaint, the allegations in *Phang* regarding Plaintiff's right ankle surgery, deep vein thrombosis and pulmonary embolism and Plaintiff's lost wages and special damages claims, that Plaintiff is alleging damages in excess of the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL
## HAVE BEEN MET

21. Pursuant to 28 U.S.C. §§ 1441(a) and 1441(6), the Uber Defendants are filing this Notice of Removal in the federal district court for the district within which the State Court Complaint was filed.

22. Pursuant to 28 U.S.C. § 1446(a), the Uber Defendants attach copies of all the process, pleadings and orders that have been filed, served or received by the Uber Defendants in the Subject Action to the Index of Attachments. *See* **Exhibit A**.

23. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Eastern District of New York, as the Complaint in this action was filed in the Supreme Court of the State of New York, County of Kings.

24. Since the Uber Defendants are the only properly named and joined defendant in this action, it is not required to seek consent of any party prior to filing this removal. *See* 28 U.S.C. § 1446(b)(2)(A).The Uber Entities will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Supreme Court, County of Kings, as required by 28 U.S.C. § 1446(d).

29. In removing this action, the Uber Defendants do not intend to waive any rights or defenses to which they are otherwise entitled to under the Federal Rules of Civil Procedure.

30. Based on the record submitted with this Notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

**WHEREFORE,** Uber Technologies, Inc., Uber USA, LLC, and Rasier-NY, LLC respectfully request that this action proceed in the United States District Court for the Eastern District of New York, as an action properly removed from state court.

Dated:        January 19, 2023
              New York, New York

                                              Respectfully submitted,

                                              *Roberto Caruso*
                                              _____
                                              Roberto Caruso, Esq.
                                              WILSON, ELSER, MOSKOWITZ,
                                              EDELMAN & DICKER LLP
                                              Attorneys for Defendants
                                              UBER TECHNOLOGIES, INC.
                                              UBER, USA, LLC
                                              RASIER-NY, LLC
                                              150 E 42nd Street
                                              New York, NY 10017
                                              212.915.5708 (Direct)
                                              212.490.3000 (Main)
                                              212.490.3038 (Fax)
                                              roberto.caruso@wilsonelser.com
                                              File No.: 15422.01525

**CERTIFICATE OF SERVICE**

      I hereby certify under penalty of perjury that on January 19, 2023 the foregoing document was filed electronically through ECF with the United States District Court for the Eastern District of New York and served by mail, postage prepaid, upon all counsel of record:

and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

        LEVINE AND WISS, PLLC
        Attorney for Plaintiff
        Ana Bryson
        510 Hempstead Turnpike, Suite 206
        West Hempstead, New York 11552
        (516) 747-3222
        File # TC 4261/SLW.mf

                                      *Roberto Caruso*

                                      Roberto Caruso