UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANA BRYSON,

               Plaintiff,

         v.

UBER TECHNOLOGIES, INC., *et al.*,

               Defendants.

**MEMORANDUM & ORDER**
23-CV-00381 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    This personal injury action was commenced by plaintiff Ana Bryson in Kings County Supreme Court on November 30, 2022. ECF No. 1-1 (Complaint). In her complaint, Plaintiff alleges that Defendants Uber Technologies, Inc., Uber USA, LLC, and Rasier-NY, LLC (the "Uber Defendants" or "Defendants") are liable for an alleged automobile-pedestrian collision that occurred in Brooklyn on February 21, 2020. *Id.* at 12.[1]

    The Uber Defendants removed the case to this Court on January 19, 2023, based on diversity jurisdiction. ECF No. 1 (Notice of Removal). Thereafter, on March 8, 2023, Plaintiff moved to remand the case to Kings County Supreme Court alleging that there is an absence of complete diversity between Plaintiff and one of the Uber Defendants – Rasier-NY, LLC ("Rasier-NY"). ECF No. 10-1 at 2 (Plaintiff's Motion to Remand). Defendants opposed the motion. ECF No. 13 (Defendants' Opposition to Motion to Remand). For the reasons set forth herein, the Court denies Plaintiff's motion to remand.

---

[1]     On March 13, 2020, two years before commencing the instant lawsuit, Plaintiff commenced an action in Kings County Supreme Court against Joseph Phang, the driver of the automobile involved in the accident. *See* ECF No. 1-2 (Phang Summons & Complaint). Plaintiff's motion to amend the complaint in the state action against Mr. Phang to add the Uber Defendants was denied on February 1, 2023. *See* ECF No. 13-2 (Order with Notice of Entry).

**LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,[2] exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Removal is proper under 28 U.S.C. § 1332 "only if no defendant is a citizen of the state in which the action is brought." *Solomon v. Seimens Indus., Inc.,* 11-cv-1321, 2011 WL 2837496, at *1 (E.D.N.Y. July 18, 2011).[3]

Although a motion to remand based on a lack of subject matter jurisdiction can be made at any time prior to final judgment, *see* 28 U.S.C. § 1447(c), the question of "whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action commenced." *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018). Furthermore, "the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Universal Licensing Corp. v. Paola del Lungo, S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal

---

[2] Plaintiff does not challenge that the amount in controversy exceeds $75,000, and the Court nevertheless finds that it does based on its review of the pleadings filed in this action and the related state action against Mr. Phang, where Plaintiff describes the nature and extent of her alleged injuries, and her demand for both lost wages and special damages. *See* ECF No. 1-1 at 13–14; ECF No. 1-2 at 5–6; ECF No. 1-3 at 5–7.

[3] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [and] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the action center of direction, control, and coordination." *OneWest Bank, N.A., v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (citing *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010)). Also, for the purposes of diversity jurisdiction, a limited liability company "takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

## DISCUSSION

Defendant properly followed the substantive and procedural requirements of the removal statute when removing this case, *see* 28 U.S.C. §§ 1441, 1446, and Plaintiff does not allege otherwise. *See* ECF No. 10. The gist of the motion to remand is that Defendant Rasier-NY, LLC ("Rasier-NY"), "is de facto a resident and citizen of New York State by virtue of its broad and wide-spread activities and business carried out in New York State." *Id.* at 2. In contrast, the Uber Defendants state that Rasier-NY is a citizen of California and Delaware because it is a limited liability company whose sole member, Rasier, LLC, has as its sole member, Uber Technologies, Inc. ("Uber"), a corporation formed under the laws of Delaware with its principal place of business located in California. ECF No. 13 at 7–8; ECF No. 13-3 ¶¶ 3, 5–8 (Affidavit of Ben Carroll).[4] Defendants support these claims with the affidavit of Ben Carroll, a Senior

---

[4] While Plaintiff challenges the "de facto" citizenship of Defendant Rasier-NY, LLC, she does not challenge that Defendant Uber, is a citizen of California and Delaware, *see* ECF No. 13-3 ¶ 5, and that Uber USA, LLC, is a limited liability company, whose sole member is Uber and, therefore, Uber USA is likewise a citizen of California and Delaware, *id.* ¶ 6. In fact, Plaintiff concedes that a limited liability company "is completely diverse from opposing parties only if <u>all</u> members of the LLC are citizens of different states than <u>all</u> opposing parties." ECF No. 10-1 ¶ 17 (emphasis in original). Plaintiff further acknowledges that she is a resident of New York. ECF No. 1-1 ¶ 1.

Manager for Corporate Business Operations at Uber. ECF No. 13-3 ¶ 1. In that role, Mr. Carroll is "familiar with the state of formation, residence, and address of the principal place of business of" the Uber Defendants. *Id.* ¶ 4.

The Court finds that Defendants have presented sufficient facts to establish that Rasier-NY, a limited liability company, is a citizen for purposes of assessing diversity jurisdiction of Delaware and California because those are the states of incorporation and principal place of business, respectively, of Rasier-NY's sole member, Uber. Furthermore, even if, as Plaintiff contends, Rasier-NY has a "national presence, [with an] expansive and ominous presence in New York, and . . . its sole purpose is to accommodate the UBER drivers of the State of New York," *see* ECF No. 10-1 ¶ 10, such information is not determinative for the purposes of diversity jurisdiction.[5] *See Ayres v. Shiver*, No. 21-cv-473, 2022 WL 2161178, at *2 (E.D.N.Y. June 15, 2022) ("the mere fact that [defendant] does business in New York and maintains a presence there does not render it a New York citizen"); *Chiropractic Neurodiagnostic, P.C. v. Allstate Ins. Co.*, No. 08-cv-2319, 2009 WL 210866, at *4 (E.D.N.Y. Jan. 26, 2009) (finding defendant was not a citizen of New York for diversity jurisdiction purposes where defendant was incorporated and had its principal place of business in Illinois). Thus, Defendants have met their burden of proving that no Defendant, including Rasier-NY, is a citizen of New York for the purpose of diversity jurisdiction.[6]

---

[5]  Plaintiff's reliance on *Ice Seaford Corp. v. Natl. Consumer Coop. Bank*, 285 F. Supp. 2d 719 (E.D.Va. 2003) is misplaced. That case involved a federally chartered corporation with national citizenship because it operated branches in several states and was engaged in banking activity that was national in scope. *Id.* at 722, 726.

[6]  Plaintiff further argues that the Court should remand pursuant to 28 U.S.C. § 1447(e), which provides for remand where the district court grants permission to join a defendant whose presence in the action would destroy diversity jurisdiction. The Court concludes that Section

**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's request to remand this case to state court. *See* ECF No. 10. The parties are directed to file on the docket a joint letter describing the case and a completed civil case management plan as previously ordered by the Court, *see* ECF No. 6, on or before February 14, 2024. Given the amount of time this case has been stayed pending Plaintiff's motion to remand, the Court expects the parties' case management plan to provide for: (i) the completion of fact discovery a maximum of 90 days after the filing of the Case Management Plan and (ii) the completion of any expert discovery a maximum of 60 days after the end of fact discovery.

SO ORDERED.

                                                                           */s/ Hector Gonzalez*
                                                                           HECTOR GONZALEZ
                                                                           United States District Judge

Dated: Brooklyn, New York
        January 30, 2024

---

1447(e) does not apply under these circumstances because Plaintiff is not seeking to join a new defendant here.